UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LIONEL LIMA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MELANIE S. MATSUI, ET AL., <br><br> Defendants. | CIV. NO. 23-00355 LEK-KJM |

## ORDER DISMISSING CASE

On August 23, 2023, pro se Plaintiff Lionel Lima, Jr. ("Lima") filed the Complaint for Violation of Civil Rights and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] On October 17, 2023, the district court received a telephone call from Lima's wife, Barbara Ann Delizo-Lima ("Delizo-Lima"), who stated that Lima had passed away. On October 24, 2023, the Court denied the Application without prejudice to refiling, and informed Delizo-Lima that the Court would close the case in ninety days, unless she filed a written statement informing the Court of Lima's death and a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1). See Minute Order - EO: Court Order Denying, Without Prejudice, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed 10/24/23 (dkt. no. 5). On January 19, 2024, Delizo-Lima filed

her Written Statement of Death of Lionel N. Lima, Jr. and Motion for Substitution ("Written Statement"). [Dkt. no. 9.] The Court instructed Delizo-Lima to file a motion for substitution by April 18, 2024. See Minute Order - EO: Court Order Construing Delizo-Lima's Written Statement of Death of Lionel N. Lima, Jr. and Motion for Substitution, Filed 1/19/24 as Written Statement of Death, filed 1/24/24 (dkt. no. 10).

On April 17, Delizo-Lima filed a motion requesting a ninety-day extension of the April 18, 2024 deadline. [Dkt. no. 12.] On April 19, 2024, the Court issued an entering order granting the extension. [Dkt. no. 14.] On July 17, 2024, Delizo-Lima filed a motion requesting a ninety-day extension of the July 17, 2024 deadline. [Dkt. no. 16.] On July 18, 2024, the Court issued an entering order granting the extension. [Dkt. no. 17.] On October 15, 2024, Delizo-Lima filed a motion requesting a ninety-day extension of the October 15, 2024 deadline. [Dkt. no. 19.] On October 16, 2024, the Court issued an entering order granting the extension. [Dkt. no. 20.]

On January 10, 2025, Defendants Melanie S. Matsui, Marie C.L. Laderta, Damien A. Elefante, Li-Ann Yamashiro, Burma Siu, and Emily Shinsato, in their official capacities made a special appearance to object to a further extension of Delizo-Lima's deadline to file a motion for substitution. [Dkt. no. 23.] On January 13, 2025, Delizo-Lima filed a motion requesting

2

a ninety-day extension of the January 13, 2025 deadline. [Dkt. no. 24.] On January 15, 2025, Delizo-Lima filed another motion requesting a ninety-day extension of the January 13, 2025 deadline. The text and argument of the motions are substantively identical, but the latter filing included exhibits. [Dkt. no. 25 (filed under seal).] Accordingly, the Court construes the two filings requesting an extension of the January 13, 2025 deadline as the Fourth Motion for Extension.

Federal Rule of Civil Procedure 25(a)(1) allows a court to order substitution of the proper party in the event that a party dies and the claim is not extinguished. However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent **must be dismissed**." Fed. R. Civ. P. 25(a)(1) (emphasis added). The filing of the statement of death triggers the ninety-day deadline to file a motion to substitute. See Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

Here, the ninety-day period began to run on January 19, 2024 with the filing of the Written Statement. The Court has liberally extended Delizo-Lima's deadline to file a motion for substitution three times. It has now been over a year since Delizo-Lima filed the Written Statement, notifying the Court and the parties of Lima's passing. Accordingly, the Court declines to grant a further extension, and DENIES the Fourth Motion for

Extension. The Court finds that dismissal of the case pursuant to Federal Rule of Civil Procedure 25(a)(1) is appropriate. Accordingly, the case is DISMISSSED WITHOUT PREJUDICE. See Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094-95 (9th Cir. 2017) (noting dismissal pursuant to Federal Rule of Civil Procedure 25(a)(1) may be with or without prejudice). The Court DIRECTS the Clerk's Office to close the case immediately.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, January 21, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**LIONEL LIMA, JR. VS. MELANIE S. MATSUI, ET AL**; CV 23-00355 LEK-KJM; ORDER DISMISSING CASE